{¶ 38} I respectfully dissent from the majority affirming the decision of the trial court. I believe material issues of fact are in dispute on the questions of whether Tamayo suffered an adverse employment action and whether Stack allowed a hostile work environment on his claim of racial discrimination.
 {¶ 39} While I agree with the majority view that a reasonable jury could conclude that Tamayo and Ron Linzovich were similarly situated employees, I believe the claim by Stack that its financial condition allowed it to pay Linzovich during his absence, but not to pay Tamayo, is a question of material fact that remains in dispute.
 {¶ 40} Whether the racial slurs outlined in the majority opinion adversely affected Tamayo's ability to perform his job is also a question of fact. Tamayo asserts they adversely impacted his job performance by causing him anxiety. He claimed he could not return to work in the face of "ongoing harassment." Despite the purported remedial action taken by Stack in March 1999, Tamayo claimed this harassment continued until his departure. I do not believe, in light of the facts present here, that these racial remarks can be labeled as "isolated."
 {¶ 41} The evidence shows Tamayo complained about the harassment not only to Jurcevic, his immediate supervisor, but also, as the majority points out, to Harold Van Gundy, the Terminal Manager in the Columbus office, and to Stack's Chief Financial Officer, Jeff Schiano. Whether these complaints, in relation to his failure to voluntarily return to work, are sufficient to satisfy the test for a hostile work environment is an unresolved issue of material fact.
 {¶ 42} I would reverse the decision of the trial court and remand for further proceedings.